This Order Is A
Precedent Of The TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Mailed: January 20, 2016

Opposition No. 91215100

*Emilio Pucci International BV*

*v.*

*Rani Sachdev*

Krisp, Interlocutory Attorney:

This proceeding is before the Board for consideration of the June 4, 2015 motion for a protective order filed by Rani Sachdev ("Applicant").[1] The motion is fully briefed.

**Preliminary matter**

The April 30, 2015 motion to strike affirmative defenses, filed by Emilio Pucci International BV ("Opposer"), is granted as conceded. Trademark Rule 2.127(a), 37 CFR § 2.127(a); TBMP § 502.02 (2015). The Board strikes Applicant's first through ninth affirmative defenses, and will give said defenses no consideration.

---

[1] Applicant filed all prior submissions in this proceeding via ESTTA, the Electronic System for Trademark Trials and Appeals, but for no apparent reason filed her motion for a protective order by U. S. mail with a certificate of mailing. Parties to *inter partes* proceedings before the Board are well advised to submit all filings through ESTTA. TBMP § 106.03 (2015) ("ESTTA permits round-the-clock filing with real-time receipt confirmation, while reducing delay and the possibility of mishandling of submissions within the USPTO.")
 Extra copies of filings should not be submitted. *DeLorme Publishing Co. v. Eartha's Inc.*, 60 USPQ2d 1222, 1222 n.1 (TTAB 2000). Accordingly, Applicant's inclusion of a cover letter in triplicate was improper.

**Motion for protective order**

Relevant Background

This proceeding involves Opposer's notice of opposition against an application to register the mark ST. PUCCHI (stylized; shown below) for "evening dresses; evening gowns; veils; wedding dresses; wedding gowns; women's clothing, namely, shirts, dresses, skirts, blouses" in International Class 25.[2]

Opposer asserts three grounds: priority and likelihood of confusion pursuant to Trademark Act § 2(d), 15 U.S.C. § 1052(d); dilution pursuant to Trademark Act § 43(c), 15 U.S.C. § 1125(c); and lack of ownership of the mark. Opposer pleads ownership of four registrations for the marks PUCCI and EMILIO PUCCI, registered for various goods in International Classes 3, 9, 14, 18 and 25.[3]

On April 30, 2015, Opposer served its first set of discovery requests, which includes 27 numbered interrogatories, 31 numbered requests for production of documents and things, and 83 numbered requests for admission. On Thursday, June 4, 2015, the date on which Applicant's responses to the discovery were due, Applicant's counsel sent Opposer's counsel three emails, the first requesting a thirty-day extension of time to serve responses, the second requesting a seven-day extension, and the third requesting an extension until the following

---

[2] Application Serial No 85913782, filed April 24, 2013, based on use of the mark in commerce pursuant to Trademark Act § 1(a), and asserting a date of first use anywhere and date of first use in commerce of April 15, 1985.
[3] Opposer pleads Registration Nos. 1687909 (EMILIO PUCCI), 1689743 (EMILIO PUCCI), 3252030 (PUCCI) and 3382298 (EMILIO PUCCI).

Monday.[4] Opposer's counsel promptly responded to each, indicating that she did not have and could not obtain approval from her client, who had left the office.[5] On the same day, June 4, 2015, Applicant filed a motion for a protective order directed to the entirety of Opposer's discovery requests. The record does not reflect that Applicant communicated with Opposer regarding the discovery requests any time prior to June 4, 2015.

The substance of Applicant's motion reads:

> As shown in Exhibits A through C,[6] Opposer has asked for a variety of unduly burdensome and overbroad categories of documents and information, many of which exceed the scope of discoverable information for this opposition proceeding. Moreover, the total of all interrogatories, including discrete subparts, appears to exceed 75. Applicant seeks an order precluding the discovery sought, or modifying the scope of the discovery requests to those which are reasonably calculated to lead to the discovery of admissible evidence in connection with this trademark opposition proceeding.[7]

Urging that the Board deny the motion, Opposer argues that the motion is improper and in violation of the rules of procedure, and that it is unfounded and unsupported.

Analysis

Applicant's filing of a motion for a protective order instead of responding to Opposer's discovery requests in a timely manner was procedurally improper. The Board has clearly delineated that in *inter partes* proceedings it is generally

---

[4] 17 TTABVUE 25-27.

[5] 17 TTABVUE 21, 25-26. Opposer's representatives are located in France and Italy. 16 TTABVUE 3.

[6] As exhibits, Applicant attached to the motion a copy of Opposer's discovery requests.

[7] 15 TTABVUE 4.

inappropriate for a party to respond to discovery requests by filing a motion attacking them, such as a motion for a protective order. TBMP §§ 405.04(b) (interrogatories), 406.04(c) (requests for production), 407.03(b) (requests for admission) and 410. The responding party is expected to provide the information sought in the requests or portions of requests that it believes to be proper, and state its objections to those that it believes to be improper. TBMP § 410. Here, Applicant moved for a protective order despite the Board's policy that filing for such relief is not an appropriate manner in which a party may object to discovery with which it has been served.

Applicant's motion was not the proper method for raising an objection that Opposer had served what Applicant asserts to be an excessive number of interrogatories. Again, the Board has plainly specified the appropriate procedure to follow when a party, in good faith, believes that the number of interrogatories served on it exceeds the limitation specified in Trademark Rule 2.120(d)(1), 37 CFR § 2.120(d)(1). This practice has been in place for over two decades and articulated in the TBMP for many years. *See* TBMP § 410, and accompanying notes. It could scarcely be made any clearer. When a party, in good faith, believes the interrogatories with which it has been served exceed the limit and the party is not willing to waive this basis for objection, the party shall, within the time for (and instead of) serving answers and specific objections, serve a general objection on the ground of their excessive number. Trademark Rule 2.120(d)(1); TBMP § 405.03(e). The purpose behind this requirement is to advance the discussion

between the parties as to the number and scope of the interrogatories, and to encourage them to discuss their respective counting methods and earnestly attempt to resolve any dispute. It also provides the receiving party an opportunity to persuade the serving party to reformulate and re-serve the interrogatories, to the satisfaction of the receiving party, regardless of any differences in the respective methods for counting the interrogatories. In contrast, a party's moving for a protective order from the Board when it has made no effort, or an insufficient effort, to resolve a dispute is an entirely unworkable and impracticable approach that reflects a disregard for the affirmative duty to cooperate in the discovery process. *See Panda Travel Inc. v. Resort Option Enter. Inc.*, 94 USPQ2d 1789, 1791 (TTAB 2009) (parties have a duty to cooperate in discovery).

It is improper for a party to move for a protective order for the purpose of delaying service of the required responses and/or objections, or to harass one's adversary by forcing the adversary to engage in motion practice. *Fort Howard Paper Co. v. G.V. Gambina Inc.*, 4 USPQ2d 1552, 1553 (TTAB 1987). Where it is *readily apparent* that discovery requests are so oppressive as to constitute clear harassment, a party may properly move for a protective order that disclosure or discovery not be had, or be had only on specified terms and conditions. *Domond v. 37.37, Inc.,* 113 USPQ2d 1264, 1266 (TTAB 2015) (motion for a protective order proper where cancellation petitioner propounded over 1000 discovery requests within two days of the opening of discovery; requests sought documents spanning

a period of seventeen years; requests sought information not pertinent to proceedings, such as respondent's stock price, five-year projected income, and audit reports; interrogatories improperly sought disclosure of litigation strategies; and respondent had made a good faith attempt to resolve the dispute before seeking the protective order). *See also The Phillies v. Philadelphia Consol. Holding Corp.*, 107 USPQ2d 2149, 2154 (TTAB 2013); *Medtronic, Inc. v. Pacesetter Systems, Inc.*, 222 USPQ 80, 83 (TTAB 1984). TBMP § 412.06(b). However, such cases are rare. To address these unusual situations, Trademark Rule 2.120(f), 37 CFR § 2.120(f) provides, in pertinent part:

> Upon motion by a party obligated to make initial disclosures or expert testimony disclosure or from whom discovery is sought, and for good cause, the Trademark Trial and Appeal Board may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the types of orders provided by clauses (1) through (8), inclusive, of Rule 26(c) of the Federal Rules of Civil Procedure.

In such cases, a movant must establish good cause for the issuance of a protective order by providing "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *The Phillies v. Philadelphia Consol. Holding Corp.*, 107 USPQ2d at 2152 (citing *FMR Corp. v. Alliant Partners,* 51 USPQ2d 1759, 1761 (TTAB 1999)). Furthermore, the good faith effort requirement set forth in Fed. R. Civ. P. 26(c)(1) applies to a motion for a protective order. *The Phillies v. Philadelphia Consol. Holding Corp.*, 107 USPQ2d at 2152. *Cf. Hot Tamale Mama…and More, LLC v. SF Inv., Inc.*, 110 USPQ2d 1080, 1081 (TTAB 2014) (good faith effort required for motion to

compel); *Amazon Technologies Inc. v. Wax*, 93 USPQ2d 1702, 1705 (TTAB 2009) (obligation to participate in good faith in efforts to resolve a disputed discovery matter before seeking judicial resolution).

Here, Applicant made no effort to resolve whatever issues she saw with the discovery requests before filing her motion. In her emails seeking extensions on the day discovery responses were due, Applicant did not mention any concerns with the requests. To be clear, the Board's finding of a lack of good faith effort, alone, is sufficient to deny the motion for a protective order.

Turning to whether Opposer's discovery warrants a protective order, the Board expects parties to take into account the principles of proportionality with regard to discovery. *Domond v. 37.37, Inc.,* 113 USPQ2d at 1268. Fed. R. Civ. P. 26, as amended effective December 1, 2015, applies to Board *inter partes* proceedings, including proceedings that were pending before that date, and Fed. R. Civ. P. 26(b)(1), which has long governed the scope of discovery in Board proceedings (TBMP § 402.01), now provides that

> [u]nless otherwise limited by court order … [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(emphasis added). The Committee Notes make clear that the parties are expected to effectively manage discovery, and that there are "important occasions for judicial management" Fed. R. Civ. P. 26(b)(1) Advisory Committee Note (2015

amendment). This expectation is not contrary to Board practice. In the context of determining the appropriateness of discovery-related motions seeking the Board's involvement, the Board will look to, among other factors, whether the filing party seeks a remedy that is proportional to the nature and complexity of the case and the history of the proceeding.

Here, taking into account the grounds for opposition, and applying Fed. R. Civ. P. 26(c)(1) in view of achieving the intended objective of the Federal Rules with respect to proportionality, the Board finds no basis to conclude that the number or nature of Opposer's discovery requests are such that they cause annoyance, embarrassment, oppression or undue expense. The information and documents requested are standard and typical for a proceeding involving the asserted grounds, are tailored to the claims and are framed to seek information that is clearly relevant. Moreover, under no counting method do the interrogatories served exceed seventy-five in number, including subparts. It should be plainly evident to any practicing attorney that the discovery requests do not warrant a protective order.

Furthermore, the substantive deficiency of Applicant's motion is troubling inasmuch as it is devoid of any legal citation or supporting arguments. The motion consists of bald, conclusory statements that can only be characterized as boilerplate. Applicant set forth no details regarding her position, neglected to identify which discovery requests she considered to be not reasonably calculated to lead to the discovery of admissible evidence, failed to explain how or why the

requests are burdensome, and made no attempt to delineate which requests are overbroad or oppressive.

The timing of the motion is also troubling. Applicant moved for a protective order on the very day on which her responses were due. Nothing in the record indicates that prior to this date Applicant was prevented from either requesting from Opposer an extension of time to respond, or filing a motion for an extension. Either action would have been the expected practice. Indeed, on the due date for the responses Applicant could have moved for an extension *in lieu of* filing a boilerplate motion for a protective order. Applicant's unfounded and improper motion required the Board to expend its limited resources to rule on a motion that manifestly calls into question whether Applicant had any objective for filing it other than to stall the proceeding.

In summary, it is apparent that Applicant filed the motion based not on a well-founded belief that Opposer's discovery requests warranted relief, but rather on the hope of delaying her obligation to serve responses, and worse, to impede the progression of discovery. Conduct of this nature amounts to a unilaterally manufactured delay. Even where such conduct is not part of an *ongoing* indifference to litigation or a *pattern* of uncooperativeness or dilatory demeanor, it is still improper. *Fort Howard Paper Co. v. G.V. Gambina Inc.*, 4 USPQ2d at 1553-54. *Cf. Patagonia, Inc. v. Azzolini,* 109 USPQ2d 1859, 1862 (TTAB 2014) (petition to cancel granted where respondent exhibited a continued pattern of

dilatory behavior, including failure to comply with applicable rules). *See also* TBMP § 412.06(b).

More to the point, under the circumstances here, where the discovery at issue is clearly proportional to the claims, Applicant's decision to respond to it by moving for a protective order was in direct violation of the Board's practice as set forth in the TBMP. The manual clearly delineates the processes that parties are expected to follow in discovery, as well as what specific remedies are available to a party who has objections to discovery. TBMP §§ 410 and 526 squarely define the *limited* situations in which a party may respond to discovery requests by filing a motion for a protective order. The TBMP has been carefully drafted so as to make clear the Board's practices and procedures under applicable authorities. The Board expects that parties will adhere to the manual, and retains the inherent authority to impose sanctions, as appropriate, where parties do not.[8]

<u>Ruling</u>

Having considered all of the circumstances of record, Applicant's motion for a protective order is <u>denied</u>.

Regarding Opposer's request for sanctions, as Opposer itself acknowledges, its request does not accompany a motion to compel.[9] Similarly, the request does not follow a Board order relating to disclosure or discovery, and thus cannot be based on Trademark Rule 2.120(g)(1).

---

[8] Although Opposer did not file a motion for sanctions pursuant to Fed. R. Civ. P. 11, the standards prescribed therein apply to all filings in Board *inter partes* proceedings. TBMP § 527.02.

[9] 16 TTABVUE 6.

Nonetheless, the Board maintains the inherent authority to impose any sanction provided for under Fed. R. Civ. P. 37(b)(2). To this end, Applicant is allowed until <u>fifteen (15) days from the mailing date of this order</u> to show good cause why the Board should not exercise this authority to sanction her by finding that 1) she has forfeited her right to object to Opposer's discovery requests on the merits, and 2) Opposer's requests for admissions are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). If Applicant files no response, or files a response wherein Applicant fails to show good cause, the Board will impose appropriate sanctions.

Finally, to manage this proceeding and ensure that it progresses efficiently, Applicant is barred from filing any unconsented or unstipulated motion in this matter without first requesting and receiving leave to do so from the Board. *Cf. Schering-Plough Animal Health Corp. v. Aqua Gen AS*, 90 USPQ2d 1184, 1185 (TTAB 2009) (upon finding that applicant filed untenable motion to dismiss and unnecessarily delayed proceeding, increased litigation costs and wasted the Board's resources, Board ordered applicant's counsel to secure permission before filing any unconsented or unstipulated motion); *Avia Group Int'l Inc. v. Faraut,* 25 USPQ2d 1625, 1627 (TTAB 1992) (after finding that a pattern of baseless and unnecessary motions, and failure to follow Board practice and procedure, unnecessarily delayed proceeding and raised cost of litigation, Board precluded cancellation respondent from filing further motions without the Board's leave). Applicant must 1) request leave by telephone conference call to the Board

attorney assigned to this proceeding, with Opposer's counsel included, at least three business days prior to the anticipated filing of any unconsented motion, and 2) clearly and concisely set forth the factual and legal basis for the proposed motion.

**Schedule**

Proceedings are resumed. Expert disclosure, close of discovery, and trial dates are reset as follows:

| | |
|---|---|
| Expert Disclosures Due | **2/12/2016** |
| Discovery Closes | **3/13/2016** |
| Plaintiff's Pretrial Disclosures | **4/27/2016** |
| Plaintiff's 30-day Trial Period Ends | **6/11/2016** |
| Defendant's Pretrial Disclosures | **6/26/2016** |
| Defendant's 30-day Trial Period Ends | **8/10/2016** |
| Plaintiff's Rebuttal Disclosures | **8/25/2016** |
| Plaintiff's 15-day Rebuttal Period Ends | **9/24/2016** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125, 37 CFR § 2.125. Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b), 37 CFR § 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129, 37 CFR § 2.129.